# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

LISA PASQUALUCCI,
    *Plaintiff*,

v.

KRISTYN MAVI SEUFFERT,
    *Defendant*.

No. 3:19-cv-1940 (JAM)

## ORDER TO SHOW CAUSE WHY COMPLAINT SHOULD NOT BE DISMISSED PURSUANT TO 28 U.S.C. § 1915(e)(2)(B)

Plaintiff Lisa Pasqualucci has filed a civil rights complaint pursuant to 28 U.S.C. § 1983 against defendant Kristyn Mari Seuffert. Because it appears that the complaint does not allege facts that give rise to a basis for the Court to exercise federal jurisdiction, the Court issues this order to show cause for plaintiff to file a response by **December 20, 2019**, why the complaint should not be dismissed.

### BACKGROUND

The complaint form lists resident addresses in Connecticut for both Pasqualucci and Seuffert. Doc. #1 at 1. Under the complaint form's heading for "BRIEFLY state the background of your case," Pasqualucci states: "Punched in face on CT transit bus #41 11/19/2019. The police report has in accuracy's and need the video & explain how it was put in face book or other internet modalities." Doc. #1 at 2. Under the heading for "Claim I," Pasqualucci states: "was genitally mutilated at 60, 62, 64 horseplain Rd 2017. The punch on 11/19/2019 was bought _ paid for and the public market van @ sts Sunoco left while officer Cyr was questioning 10-11 times are you sure you want to place charges." *Id.* at 3. Under the complaint form's heading for "Request for Relief," Pasqualucci states: "Information who paid the 2 assailant[]s and

1

information re: 7428 Henson Forest Dr. 6310 Blue Aster Summerfield NC re: 202/219 Jayne Harger property – Rich Harger property the ID's state a 14 year difference between Seuffert + Sitava which is in correct – the phone numbers are incorrect the addresses may be as well." *Id.* at 4.

The complaint does not have any further allegations, and Pasqualucci has filed two documentary attachments along with the complaint. The first is a State of Connecticut Superior Court financial affidavit form. Doc. #1-1. The second is a collection of documents including a State of Connecticut Superior Court civil summons form listing Seuffert's name and the names of other people, as well as a letter dated December 4, 2019, to Pasqualucci from an investigator of the Connecticut State's Attorney's office advising her that the State's Attorney's office is prosecuting Seuffert "for the criminal incident that occurred on 11/19/2019." Doc. #1-2 at 4. A review of the Connecticut Judicial Branch's pending case database reflects that there is a pending prosecution for third-degree assault against Seuffert arising from an arrest on November 19, 2019. *See* State v. Seuffert, No. H15N-CR19-0323680-S.[1]

## DISCUSSION

This Court has authority to review and dismiss an *in forma pauperis* complaint if it is "frivolous or malicious" or if it otherwise "fails to state a claim on which relief may be granted." *See* 28 U.S.C. § 1915(e)(2)(B). If the plaintiff is a *pro se* litigant, the Court must afford the complaint a liberal construction and interpret it to raise the strongest grounds for relief that its allegations suggest. *See, e.g., Sykes v. Bank of America*, 723 F.3d 399, 403 (2d Cir. 2013).

---

[1] State of Connecticut Judicial Branch, Pending Cases Search by Defendant, https://www.jud2.ct.gov/crdockets/CaseDetail.aspx?source=Pending&Key=ee91fcc7-f7ed-436e-9119-783fc976e6ad [https://perma.cc/29GU-QGUV] (last accessed Dec. 11, 2019).

Still, even a *pro se* complaint may not survive dismissal if its factual allegations do not establish at least plausible grounds for a grant of relief. *See, e.g., Fowlkes v. Ironworkers Local 40*, 790 F.3d 378, 387 (2d Cir. 2015). Similarly, a complaint is subject to dismissal at any time if it does not allege facts that plausibly establish the existence of federal subject-matter jurisdiction. *See Lapaglia v. Transamerica Cas. Ins. Co.*, 155 F. Supp. 3d 153, 155 (D. Conn. 2016); *see also* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

In the ordinary course, the Court will not dismiss a complaint *sua sponte* without affording the plaintiff a reasonable opportunity to respond to the concerns that would warrant dismissal. *See Abbas v. Dixon*, 480 F.3d 636, 639-40 (2d Cir. 2007). The purpose of this ruling is to state the Court's concerns so that Pasqualucci may respond.

It is a very basic principle of law that federal courts are courts of limited subject-matter jurisdiction. *See generally Gunn v. Minton*, 568 U.S. 251, 256 (2013). In general, federal courts have so-called "federal question" jurisdiction over any claims that arise under federal law. *See* 28 U.S.C. § 1331. Federal courts also have so-called "diversity" jurisdiction over claims that arise under state law if the parties are citizens of different states and the amount in controversy exceeds $75,000. *See* 28 U.S.C. § 1332. Although there are additional grounds for a federal court to have jurisdiction (such as over lawsuits against federal officials or admiralty claims), the vast majority of claims that find their way for resolution in the federal courts involve "federal question" or "diversity" jurisdiction.

So far as I can tell, Pasqualucci has not alleged any facts that could conceivably give rise to federal jurisdiction. For purposes of "federal question" jurisdiction, the complaint does not cite any provision of the Constitution or federal law. Moreover, a claim for a violation of the

3

Constitution pursuant to 28 U.S.C. § 1983 generally requires a plaintiff to allege that the defendant was a governmental actor rather than a private actor. *See generally Betts v. Shearman*, 751 F.3d 78, 84 (2d Cir. 2014). But here there is no allegation that Seuffert was a governmental actor, and there is no basis to conclude that any assault by Seuffert violated Pasqualucci's constitutional rights.

For purposes of federal "diversity" jurisdiction, a plaintiff must be a citizen of a different state than the defendant. But as noted above the complaint here lists residence addresses for both Pasqualucci and Seuffert that are in the State of Connecticut.

It appears to me that there is no federal jurisdiction over Pasqualucci's claim against Seuffert. To the extent, however, that Pasqualucci believes that she was assaulted by Seuffert and wishes to seek money damages or other relief against Seuffert, she may have a claim over which the state courts of Connecticut have jurisdiction under state law. If so, she should file her complaint in state court rather than federal court.

## CONCLUSION

For the reasons stated above, it appears that the Court does not have federal jurisdiction over the complaint. If Pasqualucci has grounds to show why her complaint should not be dismissed, she shall file a response to this order to show cause by **December 20, 2019**. This order is also without prejudice to Pasqualucci's filing a complaint in a state court of Connecticut.

It is so ordered.

Dated at New Haven this 11th day of December 2019.

/s/ *Jeffrey Alker Meyer*
Jeffrey Alker Meyer
United States District Judge